UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60196-CR-DIMITROULEAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ROBERT MONDRAGON,
    Defendant.
_____/

## STIPULATED FACTUAL BASIS FOR BENCH TRIAL

The United States, through undersigned counsel and the Defendant, Robert Mondragon, through undersigned counsel, files this stipulated factual basis in support of a bench trial in this matter. The parties stipulate to the following:

During a search warrant executed at the Defendant's residence on August 7, 2022, two phones belonging to the Defendant were seized and their contents downloaded. Text messages from those phones are contained in Government's Exhibits 7 and 8.

1. **COUNT ONE:**

Count one alleges that on June 18, 2019, the Defendant "stated in Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473 that he was not an unlawful User of marijuana, when in truth and fact ... the defendant ... was an unlawful user of marijuana," in violation of 18 U.S.C. § 922(a)(6). The ATF Form 4473 contains questions that a potential buyer must answer to ensure that he or she is not otherwise prohibited from obtaining a firearm.

That statute makes it unlawful:

> for any person in connection with the acquisition ... of any firearm ... from [a licensed dealer] knowingly to make any false or fictitious oral or written statement ..., intended or likely to deceive such [dealer] with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 922(a)(6). There are three elements that must be proven beyond a reasonable doubt to establish a violation of 18 U.S.C. § 922(a)(6):

(1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer;

(2) the Defendant [knowingly made a false or fictitious statement, orally or in writing] [knowingly furnished false identification] that was [intended to deceive] [likely to deceive] the dealer; and

(3) the subject matter of the false [statement] [identification] was material to the lawfulness of the sale.

11th Circuit Pattern Jury Instruction O34.3 (2016).[1]

---

[1] Prior case law utilized the same elements of the offense but broke them into four elements, that,

(1) the defendant knowingly made;
(2) a false or fictitious written statement in connection with the purchase of a firearm;
(3) intended to deceive or likely to deceive a licensed firearms dealer; and,
(4) the false statement was a fact material to the lawfulness of the sale or disposition of the firearm.

*United States v. Ortiz,* 318 F.3d 1030, 1036 (11th Cir. 2003). In either case (the present instruction, or the break down in *Ortiz*) the same elements are included, and the difference between them is not something the Defendant takes issue with in this bench trial.

The parties stipulate that: on June 18, 2019, The Defendant attempted to purchase a Radical Arms, Model FCR rifle at Glatza Militum, a federal firearms licensee ("FFL"), in Miami, Florida, and completed the required Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473. While completing the ATF Form 4473, Defendant responded "No" to a question that asked, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning:** The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medical or recreational purposes in the state where you reside."

In June 2014, Defendant tested positive for marijuana and admitted using marijuana daily. In August 2014, during a Baker Act stay at University Hospital, Defendant again tested positive for marijuana and reported craving marijuana. In April 2016, Defendant again tested positive for marijuana, and University Hospital medical staff diagnosed him with cannabis use disorder. On June 8, 2019, during another Baker Act stay at University Hospital, Defendant again tested positive for marijuana.[2] The Defendant indicated he had last used marijuana on June 7, 2019. The parties agree that the government could prove the Defendant used marijuana on June 7, 2019, yet indicated on the ATF Form 4473, on June 18, 2019 that he was not

---

2 On June 8, 2019, the Defendant was Baker Acted by Coral Springs Police after attempting suicide by cutting his own wrist. As part of his emergency room treatment, a toxicology screen was conducted.

"an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance."

## 2. COUNT TWO:

Count two alleges that on June 18, 2019, the Defendant knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept by Glatza Militum, a federal firearms licensee ("FFL"), in Miami, Florida, by stating in ATF Form 4473 that he was not an unlawful user of marijuana, when he knew that he was, in violation of 18 U.S.C. § 924(a)(1)(A).

Section 924(a)(1)(A) "prohibits individuals from making false statements or representations with respect to the information federally licensed firearms dealers are required to keep in their records." *United States v. Nelson,* 221 F.3d 1206, 1209 (11th Cir. 2000). The statute punishes conduct where a person,

> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter ...
> ....
> shall be fined under this title, imprisoned not more than five years, or both.

18 U.S.C. § 924(a)(1)(A).

As in Count one, the parties stipulate that while completing the ATF Form 4473, Defendant responded "No" to a question that asked, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other

controlled substance? **Warning:** The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medical or recreational purposes in the state where you reside."

As in Count one, the parties stipulate that in June 2014, the Defendant tested positive for marijuana and admitted using marijuana daily. In August 2014, during a Baker Act stay at University Hospital, the Defendant again tested positive for marijuana and reported craving marijuana. In April 2016, Defendant again tested positive for marijuana, and University Hospital medical staff diagnosed him with cannabis use disorder. On June 8, 2019, during another Baker Act stay at University Hospital, the Defendant again tested positive for marijuana. The Defendant indicated he had last used marijuana on June 7, 2019. The parties agree that the government could prove the Defendant used marijuana on June 7, 2019, yet indicated on the ATF Form 4473, on June 18, 2019 that he was not "an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance."

### 3. COUNT THREE:

Count three alleges that on November 14, 2021, the Defendant unlawfully possessed a firearm "knowing that he was an unlawful user of marijuana, a Schedule I controlled substance," which is a violation of 18 U.S.C. § 922(g)(3). That statute provides that:

> It shall be unlawful for any person ... who is an unlawful
> user of or addicted to any controlled substance (as defined

>
> in section 102 of the Controlled Substances Act (21 U.S.C. 802) ... to ... possess in or affecting commerce, any firearm...

18 U.S.C. § 922(g)(3).

The parties hereby stipulate that on August 13, 2022, a state search warrant executed on the Defendant's father's cellphone showed that photos of the Defendant holding a firearm were taken on November 14, 2021, at a residence in Pembroke Pines, Florida. On August 16, 2022, law enforcement made contact with the owner of the house where the pictures with the firearm were taken. The owner indicated that he met the Defendant only once and remembered the Defendant. He stated that the pictures of the Defendant holding a firearm were taken at his residence in Pembroke Pines, Florida, and the firearm in the photos belonged to the owner of the residence. The parties agree that the firearm is a firearm as defined under the United States Code.

As in Counts one and two, the parties stipulate that in June 2014, the Defendant tested positive for marijuana and admitted using marijuana daily. In August 2014, during a Baker Act stay at University Hospital, Defendant again tested positive for marijuana and reported craving marijuana. In April 2016, the Defendant again tested positive for marijuana, and University Hospital medical staff diagnosed him with cannabis use disorder. On June 8, 2019, during another Baker Act stay at University Hospital, the Defendant again tested positive for marijuana. The Defendant indicated he had last used marijuana on June 7, 2019. The parties agree that the government could prove the Defendant used marijuana on June 7, 2019, yet

indicated on the ATF Form 4473, on June 18, 2019 that he was not "an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance."

Respectfully Submitted,

Date: 4/4/24

Robert Mondragon (Defendant)

Date: 4/4/24

Jan Smith (Assistant Federal Public Defender)

Date: 4/4/24

Anita White (Assistant United States Attorney